IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER W. FAIRCLOTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 18 C 1831 |
| | ) | |
| MCDONALD'S CORPORATION & | ) | |
| MCDONALD'S USA LLC, | ) | Judge John Z. Lee |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Christopher Faircloth has filed this suit against McDonald's Corporation and McDonald's USA LLC (collectively, "McDonald's"), alleging violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 *et seq*. McDonald's moves to dismiss Plaintiff's complaint for lack of standing pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) and for failure to state a claim pursuant to Rule 12(b)(6). For the reasons stated herein, McDonald's' motion to dismiss for lack of standing [14] is granted.

**Factual Background**[1]

Faircloth, purporting to bring this action on behalf of a nationwide class of McDonald's consumers, alleges that McDonald's fails to offer equal access to visually-

---

[1] The following facts are taken from Faircloth's complaint. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (stating that, at the motion-to-dismiss stage, the court "accept[s] as true all well-pleaded facts alleged").

impaired customers during its "late-night" hours. Compl. ¶¶ 1–2, ECF No. 1. During those hours, "patrons are not allowed to physically enter McDonald's restaurants; and McDonald's only offers its products and services via 'drive-thru' windows attached to its restaurants. The drive-thru is the exclusive means by which a customer can purchase McDonald's products" late at night. *Id.* ¶¶ 2, 26, 32. McDonald's does not, however, allow pedestrians to walk up to its drive-thru windows, and in any event, it is not safe to do so. *Id.* ¶¶ 3, 33–36. Accordingly, Faircloth alleges, because "the blind are unable to drive at night," they are "totally precluded from accessing Defendants' products during late night hours." *Id.* ¶¶ 3, 37. Faircloth contends that McDonald's could make "a variety of modest accommodations" to allow "blind people to access . . . McDonald's late-night restaurant services." *Id.* ¶ 39.

Faircloth is visually-impaired and suffers from a condition known as "nystagmus," which renders him "unable to operate a motor vehicle during nighttime hours." *Id.* ¶ 9. He contends that he "has visited" a McDonald's located at 1700 Trawick Road in Raleigh, North Carolina ("the Raleigh McDonald's") "multiple times" and that he "periodically desires to obtain food from McDonald's restaurants during the late evening hours." *Id.* ¶¶ 40–43. In particular, he "wanted to obtain food" from the Raleigh McDonald's in "late 2017." *Id.* ¶ 41. He is familiar, however, with McDonald's' "late-night policy" that prohibits pedestrian access, and thus he "sometimes avoids going to McDonald's during its late-night hours." *Id.* ¶¶ 44–45. Still, Faircloth "reasonably expects to visit [the Raleigh McDonald's] again in the

future." *Id.* ¶ 43. Faircloth does not allege that he has ever attempted to access McDonald's during the late-night hours and been turned away.

## Legal Standard

Under Rule 12(b)(1), a defendant may move to dismiss claims over which the federal court lacks subject-matter jurisdiction, including claims for which the parties lack standing. *See Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009); *Perry v. Vill. of Arlington Heights*, 186 F.3d 826, 829 (7th Cir. 1999). In ruling on a Rule 12(b)(1) motion, the Court must accept as true all well-pleaded facts and may look beyond the jurisdictional allegations to evidence submitted on the issue of subject-matter jurisdiction. *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007). The Court must also draw all reasonable inferences in the plaintiff's favor. *Id.*

Article III standing requires the plaintiff to show a "personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 678 (2016) (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984)). Article III "injury-in-fact" is a concrete and particularized, actual or imminent invasion of a legally protected interest. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). To establish an "injury-in-fact" for purposes of Title III of the ADA, which authorizes only prospective injunctive relief, a plaintiff must allege that a "real and immediate" threat of future violations exists. *Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1074–75 (7th Cir. 2013). To meet this standard, a litigant must "allege past injury under the ADA; show that

3

it is reasonable to infer from [his] complaint that this discriminatory treatment will continue; and show that it is also reasonable to infer, based on the past frequency of [his] visits and the proximity of the public accommodation to [his] home, that [he] intends to return to the public accommodation in the future." *Id.* at 1074 (internal quotation marks and citation omitted); *see also Cohan v. Bensenville Hosp. Inc.*, No. 15 CV 00214, 2016 WL 2733281, at *2 (N.D. Ill. May 11, 2016). "[I]f the [litigant does] not have standing, the Court is without authority to consider the merits of the action." *Swan v. Bd. of Educ. of City of Chi.*, 956 F. Supp. 2d 913, 918 (N.D. Ill. 2013) (citing *Warth v. Seldin*, 422 U.S. 490, 498 (1975); *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)).

## Analysis

"Title III of the ADA prohibits discrimination on the basis of disability in places of public accommodation." *Scherr*, 703 F.3d at 1076. McDonald's argues that Faircloth has not suffered an injury-in-fact because he has not actually experienced discrimination at a McDonald's restaurant and does not allege a plausible likelihood of future discrimination. Defs.' Mem. Supp. Mot. Dismiss ("Defs.' Mem. Supp.") at 2, ECF No. 15.

First, McDonald's argues that Faircloth cannot establish standing because he does not allege that he "actually went to the restaurant and attempted to obtain service in the drive-thru on the occasion alleged or on any other occasion." *Id.* at 4. The Court agrees. In general, a plaintiff must allege "past injury" *and* an intent to return to the place of public accommodation to show injury-in-fact for purposes of

4

Title III. *See Scherr*, 703 F.3d at 1074. Faircloth alleges only that he "periodically desires to obtain food" from McDonald's during times when the interior of the restaurant is closed, and that he "sometimes avoids going to McDonald's" during those times. Compl. ¶¶ 40, 45. This is not enough to establish a past injury for purposes of standing under Title III. *See Scherr*, 703 F.3d at 1074.

Faircloth argues that McDonald's' understanding of his injury is too narrow—his suit is not about attempting to obtain service through the drive-thru, he says, but about "accessing McDonald's food *in any way whatsoever*." Pl.'s Resp. at 5, ECF No. 19 (emphasis in original). But this argument is unavailing, because Faircloth does not allege that he has attempted to access McDonald's during late-night hours through *any* means, drive-thru or otherwise. *See* Defs.' Reply at 1, ECF No. 20. Still, Faircloth argues that this is irrelevant because he should not "be required to undertake the dangerous assignment of trying to obtain food, on foot, in the drive-thru lane to state a claim under the ADA." Pl.'s Resp. at 5.

To the extent Faircloth is attempting to argue that he should not have to undertake a gesture he knows to be futile (namely, attempting to enter a restaurant on foot when he knows restaurant policy does not allow this), there is some support for his argument. *See Steger v. Franco, Inc.*, 228 F.3d 889, 892 (8th Cir. 2000) ("[P]laintiffs need not engage in the 'futile gesture' of visiting a building containing known barriers that the owner has no intention of remedying[.]"); *Access 4 All, Inc. v. Chicago Grande, Inc.*, No. 06 C 5250, 2007 WL 1438167, at *6 (N.D. Ill. May 10, 2007) ("[T]he 'futility' doctrine under the ADA potentially permits a disabled plaintiff to sue

5

where he . . . actually would use or return to an inaccessible facility if alleged barriers were removed[.]"); *see also Scherr*, 703 F.3d at 1075 (citing *Steger*, 228 F.3d at 892).

But in cases where the plaintiff has not suffered a past injury, the strength of his claim for a possible future injury is all the more important. *See Steger*, 228 F.3d at 892–93. Courts have identified four factors relevant to this inquiry: (1) the "history of plaintiff's patronage of a particular location"; (2) the "proximity of the place in question to the plaintiff's residence or location of frequent travel"; (3) the "definiteness of the plaintiff's plans to return"; and (4) "the plaintiff's frequency of travel near the defendant establishment." *Access for All*, No. 06 C 5250, 2007 WL 1438167, at *6; *see also Molski v. Mandarin Touch Rest.*, 385 F. Supp. 2d 1042, 1045 (N.D. Cal. 2005). McDonald's argues that Faircloth's allegations of his intent to visit the Raleigh McDonald's during late-night hours are too general to support his standing to sue. Defs.' Mem. Supp. at 6.

Concerning his history of McDonald's patronage, Faircloth alleges that he has visited the Raleigh McDonald's "multiple times" and that he "sometimes avoids" visiting during the late-night hours due to the late-night policy. Compl. ¶¶ 43, 45. He does not specify how many times he has visited the Raleigh McDonald's during the day, or how many times he has been dissuaded from visiting late at night. Similarly, although he alleges that he lives a "short distance" from the Raleigh McDonald's, he does not specify if he lives within a plausible late-night walking

6

distance.² *Id.* ¶ 41. And, most relevant, Faircloth alleges only that he "reasonably expects to visit" the Raleigh McDonald's again—not that he intends specifically to visit on foot during the late-night hours. *Id.* ¶ 44. The Court may infer from the fact that Faircloth "sometimes avoids" visiting during late-night hours that he will similarly avoid doing so again in the future. But this "some day intent" is not enough to establish standing. *See Steger*, 228 F.3d at 893; *see also Norkunas v. Park Rd. Shopping Ctr., Inc.*, 777 F. Supp. 2d 998, 1002 (W.D.N.C. 2011) (explaining that a "non-speculative intent to return" is required).

Faircloth attempts to distinguish *Steger*, in which the court found the plaintiffs to lack standing, arguing that the plaintiffs in that case were differently situated because they had "literally never encountered" the building alleged to be ADA-noncompliant and alleged no specific intent to visit the building in the future.³ Pl.'s Resp. at 4–5. But Faircloth is more similar to the *Steger* plaintiffs than he admits. *See* Defs.' Reply at 3. The fact that Faircloth has visited the Raleigh McDonald's

---

² McDonald's has presented evidence purporting to prove that Faircloth lives 7.2 miles from the Raleigh McDonald's, which it characterizes as an implausible walking distance and inaccessible to any local public transit services. Defs.' Mem. Supp. at 5. Although the Court has discretion to consider this evidence, *see St. John's United Church of Christ*, 502 F.3d at 625, it is unnecessary to resolve the Defendants' motion to dismiss.

³ Faircloth also argues that his allegations are similar to those in *Scherr*, in which the Seventh Circuit concluded that the plaintiff had established standing because "she would use the [hotel] but for the alleged continuing ADA violations there." *See* 703 F.3d at 1074; Pl.'s Resp. at 4. But not only were the allegations of intent to return more specific, *see id.* (noting the plaintiff's frequent travel to visit relatives in the location of the hotel and affirmative desire to stay at the hotel for an upcoming wedding), but Faircloth also omits that the plaintiff had actually visited and been physically injured at the defendant hotel, which added to the non-speculative nature of her claim, *see id.* at 1072.

7

during times when there are *no* barriers to his entry is irrelevant to his ADA claim; rather, just like the *Steger* plaintiffs, his complaint contains no allegations that he ever encountered the building when it actually imposed barriers to entry. *See Steger*, 228 F.3d at 893; *see also Hummel v. St. Joseph Cty. Bd. of Comm'rs*, 817 F.3d 1010, 1018–19 (7th Cir. 2016) (concluding that plaintiffs lacked standing when they had not personally encountered barriers at a public building and did not establish concrete plans to visit the building when the barriers were likely to be present); *Novak v. Litchfield Cavo, LLP*, No. 14-cv-3649, 2014 WL 7330925, at *4 (N.D. Ill. Dec. 22, 2014) (concluding that the plaintiff lacked standing because he had experienced ADA violations caused by the defendant on only one occasion out of multiple visits to the building and offered only an intent to return "some day").

With no allegations of past injury or sufficiently specific allegations of future injury, Faircloth lacks standing to sue for violations of the ADA at the Raleigh McDonald's. *See Scherr*, 703 F.3d at 1075. His purported status as a class representative does not change this result, as he must have personal standing to sue before he can seek relief on behalf of a class. *Warth*, 422 U.S. at 502. Furthermore, because the Court lacks jurisdiction to hear Faircloth's claims, it does not address McDonald's' alternate motion to dismiss for failure to state a claim under Rule 12(b)(6). *See Swan*, 956 F. Supp. 2d at 918.

## Conclusion

For the reasons stated herein, McDonald's' motion to dismiss Faircloth's complaint for lack of standing is granted [14]. Faircloth's requests for prospective

injunctive and declaratory relief are hereby stricken and his complaint [1] is dismissed without prejudice. To the extent that Plaintiff believes he can amend his complaint in a manner consistent with this opinion, he is granted leave to do so within twenty-one days. If no amended complaint is filed, the case will be terminated as of that date.

**IT IS SO ORDERED.**          ENTERED 11/13/18

_____

**John Z. Lee**
**United States District Judge**